NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

|  |  |  |
|---|---|---|
| CHARLES L. COWARD, et al., | : | |
|  | : | Civil Action No. 13-0100(NLH) |
| Plaintiff, | : | |
|  | : | |
| v. | : | **OPINION** |
|  | : | |
| GARY M. LANIGAN, et al., | : | |
|  | : | |
| Defendants. | : | |

**APPEARANCES:**

Charles L. Coward
New Jersey State Prison
P.O. Box 861
Trenton, NJ  08625

Edith Coward
518 Sadlers Terrace-A[1]
Lawnside, NJ  08045
    Plaintiffs pro se

**HILLMAN,** District Judge

    Plaintiff Charles L. Coward ("Plaintiff"),[2] a prisoner

___

[1] Incorrectly identified on the Docket as "Sdlers Terrace."  The Clerk is directed to correct the misspelling.
[2] Although the caption of the Complaint identifies Charles L. Coward and Edith Coward as co-plaintiffs, Edith Coward is not further mentioned in the Complaint, nor does the Complaint assert any facts plausibly giving rise to a claim by Edith

confined at New Jersey State Prison in Trenton, New Jersey, seeks to bring this action in forma pauperis pursuant to 42 U.S.C. § 1983, alleging violations of his constitutional rights.[3]

At this time, the Court must review the Complaint to determine whether it should be dismissed as frivolous or malicious, for failure to state a claim upon which relief may be granted, or because it seeks monetary relief from a defendant who is immune from such relief.  See 28 U.S.C. § 1915(e)(2) (in forma pauperis actions); 28 U.S.C. § 1915A (actions in which prisoner seeks redress from a governmental defendant); 42 U.S.C. § 1997e (prisoner actions brought with respect to prison conditions).

I.   BACKGROUND

The following factual allegations are taken from

---

Coward, nor has she paid a filing fee or submitted an application for leave to proceed in forma pauperis, nor did she sign the Complaint.  Accordingly, this Court will dismiss with prejudice all claims purportedly asserted by Edith Coward.

[3] This matter previously was administratively terminated for failure to prepay the filing fee or submit a complete application for leave to proceed in forma pauperis.  Plaintiff has now submitted additional information.  Based on his affidavit of indigence and the absence of three qualifying dismissals within 28 U.S.C. § 1915(g), the Court will grant Plaintiff's application to proceed in forma pauperis pursuant to 28 U.S.C. § 1915(a) and will order the Clerk of the Court to reopen this matter and to file the Complaint.

Plaintiff's Complaint and are accepted as true for purposes of this review.  Plaintiff alleges that when he was arrested on November 12, 2011 he advised jail officials that he had overdosed on medication in an attempt to kill himself.  He states that he was taken to the hospital where he was admitted and treated for four days.  Plaintiff further alleges that when he was returned to Camden County Jail on November 16, 2011 he was placed in the mental health unit where he again attempted to commit suicide and began to smear feces on himself and on the walls of the cell.  He states that he was dragged from the cell, handcuffed and shackled, and placed in the shower, then dragged back to the cell and handcuffed and shackled to the bed.  He states that "this" was repeated several times over three days.  Plaintiff does not identify the person or persons who took these actions.

    Plaintiff states that on or about November 20, 2011 he was placed in a restraint chair by Officer Radlinger and Officer Sweeten.  Plaintiff states that Sgt. H. Sweeten,[4] Lt. Vernon, Officer Coan, psychologist Lisa Fields, and nurse Ellen Green[5] were also present.  He states that "Lisa Green" (presumably Lisa

---

[4] It appears from Plaintiff's factual recitation that Officer Sweeten and Sgt. H. Sweeten are two different individuals.

[5] Ms. Green is not named as a defendant.

Fields) injected him with medication that made him tired.

Plaintiff states that he was then dragged out of the chair to the cell and handcuffed and shackled to the bed, face down, by Officer Radlinger and Officer Sweeten, while Lt. Vernon and Sgt. Sweeten looked on.  Plaintiff contends that Sgt. Sweeten told Officer Radlinger to "check him for contraband," so Officer Sweeten pulled out his flashlight while Officer Radlinger spread open Plaintiff's buttocks and began to look.  Plaintiff contends that Officer Sweeten put a glove on the flashlight and put it in Plaintiff's anus, forcibly pushing.  Plaintiff asserts that Lisa Fields, nurse Houston,[6] Lt. Vernon, Sgt. Sweeten, and Officer Coan were present and watched, until nurse Houston stated that she couldn't watch this and she and Lisa Fields walked away. Plaintiff further states that Lt. Vernon held a pellet gun and told Plaintiff that if he moved "an eyelash," he would put fifteen pellets into Plaintiff.  Plaintiff asserts that he was then left, shackled face-down to the bed, for three days, lying in his own waste, during which time he was refused food or water or use of the restroom.

Plaintiff states that on November 23, 2011, at the end of those three days, he was transferred to New Jersey State Prison, as authorized by Commissioner Gary M. Lanigan, New Jersey State

---

[6] Ms. Houston is not named as a defendant.

4

Prison Administrator Charles Warren, Jr., the "John Doe" warden of Camden County Jail, Lisa Fields, and Ellen Green. Plaintiff asserts that this transfer, without any hearing, violated his due process rights.

Plaintiff alleges that at New Jersey State Prison he was initially placed on "constant watch." He contends that several days later he was transferred internally to another cell where he has been locked in 24 hours a day, with no "substantial" access to legal assistance or to the courts, and that he has been subjected to daily body cavity searches. Plaintiff asserts in general terms that at New Jersey State Prison, he has been denied religious freedom and needed medical and mental health treatment.

Plaintiff seeks all appropriate relief.

II.  STANDARDS FOR A SUA SPONTE DISMISSAL

Every complaint must comply with the pleading requirements of the Federal Rules of Civil Procedure. Rule 8(a)(2) requires that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief." "Specific facts are not necessary; the statement need only 'give the defendant fair notice of what the ... claim is and the grounds upon which it rests.'" Erickson v. Pardus, 551 U.S. 89, 93 (2007) (citations omitted).

> While a complaint ... does not need detailed factual allegations, a plaintiff's obligation to provide the "grounds" of his "entitle[ment] to relief" requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do ... . Factual allegations must be enough to raise a right to relief above the speculative level ... .

Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (citations omitted).

That is, a complaint must assert "enough facts to state a claim to relief that is plausible on its face." Id. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Twombly, 550 U.S. at 556). The determination of whether the factual allegations plausibly give rise to an entitlement to relief is "'a context-specific task that requires the reviewing court to draw on its judicial experience and common sense.'" Bistrian v. Levi, 696 F.3d 352, 365 (3d Cir. 2012) (citations omitted). Thus, a court is "not bound to accept as true a legal conclusion couched as a factual allegation," and "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. at 678 (citations omitted).

In determining the sufficiency of a pro se complaint, the

Court must be mindful to accept its factual allegations as true, see James v. City of Wilkes-Barre, 700 F.3d 675, 679 (3d Cir. 2012), and to construe it liberally in favor of the plaintiff, see Haines v. Kerner, 404 U.S. 519, 520-21 (1972); United States v. Day, 969 F.2d 39, 42 (3d Cir. 1992).

Where a complaint can be remedied by an amendment, a district court may not dismiss the complaint with prejudice, but must permit the amendment. Denton v. Hernandez, 504 U.S. 25, 34 (1992); Grayson v. Mayview State Hospital, 293 F.3d 103, 108 (3d Cir. 2002) (dismissal pursuant to 28 U.S.C. § 1915(e)(2)), cited in Thomaston v. Meyer, 519 F.App'x 118, 120 n.2 (3d Cir. 2013); Shane v. Fauver, 213 F.3d 113, 116-17 (3d Cir. 2000) (dismissal pursuant to 42 U.S.C. § 1997e(c)(1)); Urrutia v. Harrisburg County Police Dept., 91 F.3d 451, 453 (3d Cir. 1996).

### III. SECTION 1983 ACTIONS

A plaintiff may have a cause of action under 42 U.S.C. § 1983 for certain violations of his constitutional rights. Section 1983 provides in relevant part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory ... subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress ... .

7

Thus, to state a claim for relief under § 1983, a plaintiff must allege, first, the violation of a right secured by the Constitution or laws of the United States and, second, that the alleged deprivation was committed or caused by a person acting under color of state law. West v. Atkins, 487 U.S. 42, 48 (1988); Malleus v. George, 641 F.3d 560, 563 (3d Cir. 2011).

## IV.   ANALYSIS

### A.   Joinder

Rule 18(a) controls the joinder of claims. In general, "[a] party asserting a claim ... may join as independent or alternative claims, as many claims as it has against an opposing party."

Rule 20(a)(2) controls the permissive joinder of defendants in pro se prisoner actions as well as other civil actions.

> Persons ... may be joined in one action as defendants if:
>    (A) any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and
>    (B) any question of law or fact common to all defendants will arise in the action.

(emphasis added). See, e.g., Pruden v. SCI Camp Hill, 252 Fed.Appx. 436 (3d Cir. 2007); George v. Smith, 507 F.3d 605 (7th Cir. 2007).

In actions involving multiple claims and multiple

8

defendants, Rule 20 operates independently of Rule 18.

> Despite the broad language of rule 18(a), plaintiff may join multiple defendants in a single action only if plaintiff asserts at least one claim to relief against each of them that arises out of the same transaction or occurrence and presents questions of law or fact common to all. If the requirements for joinder of parties have been satisfied, however, Rule 18 may be invoked independently to permit plaintiff to join as many other claims as plaintiff has against the multiple defendants or any combination of them, even though the additional claims do not involve common questions of law or fact and arise from unrelated transactions.

7 Charles Alan Wright, Arthur R. Miller, and Mary Kay Kane, Federal Practice and Procedure, § 1655 (3d ed. 2009).

The requirements prescribed by Rule 20(a) are to be liberally construed in the interest of convenience and judicial economy. Swan v. Ray, 293 F.3d 1252, 1253 (11th Cir. 2002). However, the policy of liberal application of Rule 20 is not a license to join unrelated claims and defendants in one lawsuit. See, e.g., Pruden v. SCI Camp Hill, 252 F.App'x 436 (3d Cir. 2007); George v. Smith, 507 F.3d 605 (7th Cir. 2007); Coughlin v. Rogers, 130 F.3d 1348 (9th Cir. 1997).

Pursuant to Rule 21, misjoinder of parties is not a ground for dismissing an action. Instead, a court faced with a complaint improperly joining parties "may at any time, on just terms, add or drop a party. The court may also sever any claims against a party."

Here, as discussed more fully below, there is not at least

one claim that is asserted against each of the defendants which arises out of the same occurrence or series of occurrences and which presents a question of law or fact that is common to all. Instead there are three distinct claims, each asserted against a subset of the defendants. Accordingly, this Court will sever the claim regarding conditions of confinement at New Jersey State Prison, which is asserted only against its Administrator Charles E. Warren.[7]

B.   The Camden County Jail Due Process Claims

Criminal pretrial detainees retain liberty interests firmly grounded in the Due Process Clause of the Fourteenth Amendment. See Hubbard v. Taylor, 399 F.3d 150 (3d Cir. 2005); Fuentes v. Wagner, 206 F.3d 335, 341 (3d Cir. 2000). Analysis of whether such a detainee has been deprived of liberty without due process is governed by the standards set out by the Supreme Court in Bell v. Wolfish, 441 U.S. 520 (1979). Hubbard, 399 F.3d at 157-60, 164-67; Fuentes, 206 F.3d at 341-42.

---

[7] The Court notes that Plaintiff has another action, raising conditions-of-confinement claims, proceeding against Administrator Warren. See Coward v. Warren, Civil No. 13-2222 (MAS)(D.N.J.). Accordingly, this Court will not presume that Plaintiff intends to proceed with the rather vague and conclusory claims asserted -- and severed -- here. Instead, the Court will direct the Clerk of the Court to open, and then administratively terminate, a new action, subject to Plaintiff's advising the Court of his intent to proceed with the severed claims by submitting an amended complaint and either prepaying the filing fee or submitting a new application for leave to proceed in forma pauperis.

10

> In evaluating the constitutionality of conditions or restrictions of pretrial detention that implicate only the protection against deprivation of liberty without due process of law, we think that the proper inquiry is whether those conditions amount to punishment of the detainee. ...
>
> Not every disability imposed during pretrial detention amounts to punishment in the constitutional sense, however. …
>
> A court must decide whether the disability is imposed for the purpose of punishment or whether it is but an incident of some other legitimate governmental purpose. Absent a showing of an expressed intent to punish on the part of detention facility officials, that determination generally will turn on whether an alternative purpose to which [the restriction] may rationally be connected is assignable for it, and whether it appears excessive in relation to the alternative purpose assigned [to it]. Thus, if a particular condition or restriction of pretrial detention is reasonably related to a legitimate governmental objective, it does not, without more, amount to punishment. Conversely, if a restriction or condition is not reasonably related to a legitimate goal--if it is arbitrary or purposeless--a court permissibly may infer that the purpose of the governmental action is punishment that may not constitutionally be inflicted upon detainees <u>qua</u> detainees. ...

441 U.S. at 535-39 (citations omitted).

    1.   <u>The Events of November 20-23, 2011</u>

Plaintiff asserts that Defendants Lt. Vernon, Sgt. H. Sweeten, Correctional Officer Sweeten, Correctional Officer Radlinger, Correctional Officer Coan, and psychologist Lisa Fields participated in a series of events between November 20 and November 23, 2011, during which he allegedly was confined to a restraint chair, sexually assaulted with a flashlight, and

11

shackled to a bed without food, water, or access to a restroom.[8] Whether construed as a claim of inadequate medical treatment, excessive use of force, or failure to protect, these allegations state a claim sufficient to survive dismissal at this preliminary review.

    2.   The "Transfer" Claim

Plaintiff also challenges, on due process grounds, the decision to transfer him, as a pre-trial detainee and without a hearing, from Camden County Jail to New Jersey State Prison.  A pre-trial detainee has no absolute federal right to be detained in a county jail rather than a state prison.  See Fielder v. Fornelli, Civil No. 09-0881, 2011 WL 4527322, *5 (W.D. Pa., Sept. 6, 2011), report and recommendation adopted, 2011 WL 4527374 (W.D. Pa. Sept. 28, 2011).  Instead, any § 1983 challenge to such a transfer must raise a plausible claim that the transfer impinged on some specific federal right, for example, that such a transfer was intended as an unconstitutional punishment of a pre-trial detainee, in violation of the Bell v. Wolfish standards, see Bistrian v.

---

[8] It appears to the Court that Plaintiff described the events of November 12 to November 19, 2011, as background information. For example, while providing detailed information regarding the specific activities of the named defendants with regard to the events of November 20-23, 2011, Plaintiff has failed to identify any individual defendant involved in the earlier events.

Levi, 696 F.3d 352 (3d Cir. 2012), or that a transfer to a distant location impaired the pre-trial detainee's Sixth Amendment rights of access to counsel and a speedy trial, see Cobb v. Aytch, 643 F.2d 946 (3d Cir. 1981), or that the transfer deprived the pre-trial detainee of a liberty interest by subjecting him to substantially more restrictive housing, see Stevenson v. Carroll, 495 F.3d 62 (3d Cir. 2007).

    Here, Plaintiff was not transferred from the general population to more restrictive housing, as he had been confined to the mental health unit from the time of his arrest, due to two suicide attempts within the space of a week. Rather, he was transferred from one mental health unit to another such unit where he was constantly monitored for several days. These circumstances do not plausibly give rise to a claim that the transfer, itself, was intended to punish Plaintiff.

    Moreover, while Plaintiff contends that he had no "substantial" access to legal assistance, that conclusory statement is too vague to suggest that the transfer decision deprived him of his Sixth Amendment right to assistance of counsel for defense of the criminal charges pending against him. In this regard, the Court takes judicial notice of the fact that the distance between Camden County Jail and New Jersey State Prison is less than 40 miles, in contrast to the 300-mile distance to which the detainees in Cobb were subjected.

13

Instead, any unconstitutional conditions of confinement to which Plaintiff may have been subjected after his internal transfer, at New Jersey State Prison, on November 28, 2011, are more properly construed as an element of his severed Due Process conditions-of-confinement claim against Administrator Charles E. Warren, Jr.  There is nothing in the facts alleged to suggest that the transfer decision was made in consideration of the conditions to which Plaintiff might be subjected at New Jersey State Prison after his acute suicide-watch status abated. Accordingly, the claim challenging the transfer decision will be dismissed without prejudice.

## V.   CONCLUSION

For the reasons set forth above, the claim arising out of Plaintiff's treatment at Camden County Jail, between November 20 and November 23, 2011, may proceed.

Plaintiff's Due Process conditions-of-confinement claim, related to conditions at New Jersey State Prison, will be severed and administratively terminated.  Plaintiff will be granted leave to apply to re-open that claim if he intends to proceed with it.

All remaining claims will be dismissed, pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1) and 42 U.S.C. § 1997e(c), for failure to state a claim.  However, because it

is conceivable that Plaintiff may be able to supplement his pleading with facts sufficient to state a claim that the transfer decision violated his Due Process rights, the Court will grant Plaintiff leave to file an application to amend, accompanied by a proposed amended complaint.[9]

An appropriate order follows.


At Camden, New Jersey                s/Noel L. Hillman
                                     Noel L. Hillman
                                     United States District Judge

Dated:  June 23, 2014

---

[9] Plaintiff should note that when an amended complaint is filed, it supersedes the original and renders it of no legal effect, unless the amended complaint specifically refers to or adopts the earlier pleading.  See West Run Student Housing Associates, LLC v. Huntington National Bank, 712 F.3d 165, 171 (3d Cir. 2013) (collecting cases).  See also 6 Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1476 (3d ed. 2008).  To avoid confusion, the safer practice is to submit an amended complaint that is complete in itself.  Id.